IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| GYBRILLA B. BLAKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00240-GBL-MSN |
| | ) | |
| MARTIN J. GRUENBERG, Chairman, | ) | |
| Federal Deposit Insurance Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant, Martin J. Gruenberg, Chairman of the Federal Deposit Insurance Corporation ("FDIC")'s Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).   (Doc. 8).   This case concerns Plaintiff Gybrilla B. Blakes' employment discrimination suit brought against Defendant, alleging race discrimination, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964. (Doc. 1). Defendant asserts that *res judicata* bars this action because this Court dismissed Plaintiff's initial lawsuit against the FDIC. *See Blakes v. Gruenberg*, No. 1:14-cv-16522015, WL 9274919 (E.D. Va. Dec. 18, 2015).   In the alternative, Defendant argues that Plaintiff's Complaint should be dismissed for failure to state a claim because it fails to raise a plausible inference of discrimination or retaliation. (Doc. 8 at 2).

There are two issues before the Court.  The first issue is whether *res judicata* applies to this action given that this Court dismissed Plaintiff's initial lawsuit against the FDIC on December 18, 2015. The second issue is whether this Court should dismiss Plaintiff's Complaint

for failure to state a claim upon which relief can be granted under her race discrimination, sex discrimination, and retaliation claims.

The Court **DENIES** Defendant's Motion to Dismiss for two reasons. First, *res judicata* does not apply because although there was a final judgment on the merits in the prior suit and the parties in the present litigation are the same, the claims presented in Plaintiff's current action are not identical to the claims asserted in the earlier dispute.

Second, the Court denies Defendant's Motion to Dismiss because Plaintiff's Complaint includes a short and plain statement of the claims showing that Plaintiff is entitled to relief, satisfying the pleading requirement. In the alternative, although Plaintiff is not required to prove a prima facie case for race and sex discrimination as well as retaliation, Plaintiff pleads sufficient facts to establish the prima facie elements for each claim.

## I.   BACKGROUND

This case arises from Plaintiff's race discrimination, sex discrimination, and retaliation claims against FDIC, her current employer. (Doc. 1 at 4). Plaintiff has been a Lead Personnel Security Specialist in the FDIC since January 19, 2010. *Id.* On December 5, 2014, Plaintiff filed a Complaint (*"Blakes I"*) in this Court against Defendant Martin J. Gruenberg, Chairman of the FDIC, alleging that Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff on the basis of her race (African American) and her sex (female). *Id.* at 8. Plaintiff additionally argued that Defendant retaliated against her for filing two complaints[1] with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 5, 10.

---

[1] Plaintiff filed her first EEO complaint on October 31, 2012, alleging that FDIC's fact-finding inquiry against her was initiated as a result of complaints Plaintiff made to her supervisor regarding a private contractor's inadequate job performance. (Doc. 8-1 at 5). Plaintiff alleged that her supervisor's initiation of the fact-finding action was discriminatory and retaliatory. Following Plaintiff's EEO complaint, an investigation was conducted and the complaint was

Plaintiff's allegations in *Blakes I* were based on an annual Performance Management and Recognition (PMR) evaluation that Defendant issued on December 14, 2013 ("2013 PMR"). (Doc. 8-1 at 9). In her 2013 PMR, Plaintiff received an overall performance rating of "III," job standards rating of "3," and a behavioral standards rating of "Appropriate." *Id.* at 8. Plaintiff claims that her 2013 PMR was discriminatory under Title VII. *Id.* Plaintiff further alleges that she was discriminated against because on April 9, 2013, Plaintiff's supervisor removed her from a budget meeting and prevented her from attending other budget meetings, hindering Plaintiff's ability to perform her job duties. (Doc. 15-1 at 17). Plaintiff also argues that she was prohibited from conducting briefings, conducting tabletop exercises, and overseeing her unit, all of which took place before her 2014 PMR. (Doc. at 18, 19).

Following Plaintiff's second EEO complaint and 2013 PMR, the FDIC issued a Final Agency Decision ("FAD") on August 28, 2014, denying the claims asserted in Plaintiff's second EEO complaint. *Id.* at 4. Plaintiff subsequently filed *Blakes I*. However, this Court granted Defendant's Motion for Summary Judgment on December 18, 2015 for two reasons. *Blakes v. Gruenberg*, 2015 WL 9274919 at 17. First, Plaintiff's claims were time barred because Plaintiff filed her Complaint after the ninety-day statutory limitations period had expired.[2] *Id.* Second, Plaintiff's claims did not merit equitable tolling because she neither was induced or tricked by the FDIC's misconduct into filing her Complaint after the limitations period and Plaintiff had not demonstrated an extraordinary circumstance that prevented her from timely filing her Complaint. *Id.*

---

settled at a mediation on January 10, 2013. *Id.* at 6. Plaintiff filed a second formal EEO complaint against the FDIC on June 17, 2013, alleging race and gender discrimination, reprisal, and hostile work environment. *Id.*

[2] Plaintiff failed to adhere to the ninety-day statute of limitations period for Title VII complaints when she filed her suit eight days late. (Doc. 15-1 at 7).

Plaintiff's instant action (*"Blakes II"*) arises from an annual Performance and Recognition (PMR) evaluation, which Defendant issued on November 18, 2014 ("2014 PMR"). (Doc. 1 at 11).  Plaintiff again received an overall performance rating of "III," job standards rating of "3," and a behavioral standards rating of "Appropriate" in her 2014 PMR. *Id.*  On November 19, 2014, Plaintiff again contacted an EEO Counselor and reported that she was discriminated against when she was given a rating of III on her 2014 PMR. *Id.* at 10.  Plaintiff then filed her third formal complaint with the EEO on April 8, 2015. *Id.*  Subsequently, the FDIC issued a FAD on January 5, 2016, finding no discrimination on the merits of the Plaintiff's third EEO complaint. (Doc. 1 at 3; Doc. 22-1 at 3).  On March 7, 2016, Plaintiff timely filed this suit pursuant to 42 U.S.C. § 2000(e)-16(c),[3] alleging that Defendant violated Title VII of the Civil Rights Act of 1964 for race and sex discrimination, as well as retaliation. (Doc. 1).

Aside from relying on two different PMR evaluations, Plaintiff largely restates the same facts in *Blakes II* as she did in *Blakes I*. (Doc. 8-2 at 2).  In both suits, Plaintiff asserts that she was discriminated and retaliated against when she was removed from a monthly budget meeting on April 9, 2013, and informed that another employee would attend the meeting in her place. (Doc. 1 at 6).  Furthermore, Plaintiff reached out to the Ethics Office concerning her complaint that "a team member" might have been having sexual encounters in the office. *Id.*  Plaintiff alleges that her supervisor, Mr. Bell, was furious when he found out that Plaintiff spoke to someone from the FDIC's ethics office. *Id.*  Plaintiff also contends that she was not allowed to

---

[3] "Within *90 days* of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section . . . [a party] may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000(e)-16(c) (emphasis added).

travel to site visits, conduct briefings, participate in tabletop exercises, or oversee her unit. (Doc. 15-1 at 18). Finally, Plaintiff alleges she was discriminated against when she was issued a Letter of Reprimand on March 14, 2013, for improper conduct, which led Plaintiff's supervisor to propose that she receive seven calendar days without pay suspension for the alleged improper conduct. *Id.* Upper management, however, denied the proposed Letter of Reprimand. *Id.*

Plaintiff is currently employed with the FDIC and alleges the various discrimination and retaliation actions are ongoing. *Id.* at 17, 18. In the present suit, Plaintiff alleges that the Defendant violated Title VII of the Civil Rights Act of 1964 for race discrimination, sex discrimination, and retaliation. (Doc. 1).

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) enables a defendant to move for dismissal by challenging the sufficiency of the plaintiff's complaint. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion should be granted where the plaintiff has failed to "state a plausible claim for relief." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). To be facially plausible, a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations which, if taken as true, "raise a right to relief above the speculative level" and "nudg[e] [the] claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The requirement for plausibility does not mandate a showing of probability but merely

5

that there is more than a possibility of the defendant's unlawful acts. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). As a result, a complaint must contain more than "naked assertions" and "unadorned conclusory allegations," requiring some "factual enhancement" in order to be sufficient. *Id.* (citing *Iqbal*, 556 U.S. at 678)

A court's Rule 12(b)(6) review involves separating factual allegations from legal conclusions. *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012). In considering a Rule 12(b)(6) motion, a court must give all reasonable inferences to the plaintiff and accept all factual allegations as true. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). Though a court must accept the truthfulness of all factual allegations, it does not have to accept the veracity of bare legal conclusions. *Burnette*, 687 F.3d at 180 (citing *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011)).

A court must grant a Rule 12(b)(6) motion when a complaint fails to provide sufficient nonconclusory factual allegations to allow the court to draw the reasonable inference of the defendant's liability. *Giacomelli*, 588 F.3d at 196-97 (citing *Iqbal*, 556 U.S. at 678-79, and *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc)). In deciding a Rule 12(b)(6) motion, a court may consider exhibits or documents attached to the complaint "so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The court may also consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176,180 (4th Cir. 2009) (citing *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

## III. ANALYSIS

The Court **DENIES** Defendant's Motion to Dismiss for two reasons. First, *res judicata* does not bar the present Complaint because the claims presented in Plaintiff's current action are not identical to the claims asserted in the earlier dispute.

Second, the Court denies Defendant's Motion to Dismiss because Plaintiff's Complaint includes a short and plain statement of the claims showing that Plaintiff is entitled to relief, satisfying the pleading requirement. In the alternative, although Plaintiff is not required to state a prima facie case for race and sex discrimination as well as retaliation in a Complaint, Plaintiff pleads sufficient facts to establish the prima facie elements for each claim.

### A. Plaintiff's Complaint is Not Barred by *Res Judicata*

Despite the Court's dismissal based on untimeliness of Plaintiff's Complaint, *res judicata* does not apply to Plaintiff's current action. A party invoking *res judicata* must establish three elements: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). Defendant fails to show that element two of his *res judicata* argument has been satisfied. Therefore *res judicata* does not apply.

### 1. There was a final judgment on the merits in the prior suit

This Court's dismissal of *Blakes I* constitutes a final judgment on the merits for the purposes of *res judicata*. (Doc. 8 at 1). Although the Fourth Circuit has not directly addressed whether a motion for summary judgment is considered a final judgment on the merits, other circuits have held that a dismissal for untimeliness is a final judgment on the merits for the purposes of *res judicata*. *See Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 824 (8th Cir.

1989); *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) (en banc); *Robertson v. Cree, Inc.*, 2012 WL 699533, at *1 (E.D.N.C. Mar. 1, 2012) (granting defendant's motion to dismiss because the plaintiff cannot relitigate the same claims pursuant to 42 U.S.C. § 1981 when the court had already dismissed the plaintiff's Title VII claims as untimely).

In *Mills v. Des Arc Convalescent Home*, the plaintiff filed a Title VII action against her former employer alleging that she was terminated from her employment because of her race. 872 F.2d at 824. The district court found that the plaintiff's suit was barred by time limitations because plaintiff filed the suit more than ninety days after receiving a right-to-sue letter from the EEOC. *Id.* The same day that the judgment was entered in favor of the defendant in the Title VII action, plaintiff filed another complaint under 42 U.S.C. § 1981 alleging that she was terminated for discriminatory reasons. *Id.* The district court dismissed the plaintiff's second suit on the basis of *res judicata. Id.* at 826. The Eighth Circuit affirmed the district court's decision, holding that "a disposition of a Title VII action as untimely filed is a decision on the merits for purposes of *res judicata.*" *Id.*

Likewise in *Nilsen v. City of Moss Point*, the plaintiff filed four separate lawsuits on the same claim against the City of Moss Point alleging that the city refused to hire plaintiff as a fire fighter because of her sex. 701 F.2d at 558. The first suit was dismissed without prejudice for reasons immaterial to the Court's decision. *Id.* The second and third suits were consolidated and the Court "decided against [plaintiff] by summary judgment for her failure to meet the timely requirements of Title VII." *Id.* The fourth suit alleged similar theories under 42 U.S.C. § 1983, and the Court again granted the defendant's motion for summary judgment. *Id.* The Fifth Circuit affirmed the district court's decision to dismiss plaintiff's fourth suit, holding that *res*

8

*judicata* applied to preclude plaintiff's claims because the prior grant of summary judgment against plaintiff for timeliness was considered a final judgment on the merits. *Id.* at 562.

The Fifth Circuit further noted that decisions based on jurisdiction are not decisions on the merits, while decisions based on limitations are merits decisions. *Id.* at 562 (holding that "the timely filing requirements of Title VII are to be treated as limitations periods for all purposes"). The court further stated that a time-bar decision assumes that the court could have spoken on the issue but refused to do so beyond declaring the claim to be stale. *Id.* Therefore, the court's determination that a plaintiff's claim is untimely bars not only the stale claim asserted, but also bars any other claims that later arise from the same cause of action. *Id.*

In this case, this Court granted summary judgment in favor of Defendant in *Blakes I* solely because Plaintiff filed her complaint eight days after the Title VII statute of limitations elapsed. (Doc. 8 at 1). Therefore, like in *Mills* and *Nilsen*, this Court's order in *Blakes I* is a final judgment on the merits because the complaint was dismissed based on limitations, rather than jurisdictional grounds. *See id. at 2; see also Mills*, 872 F.2d at 824; *Nilsen*, 701 F.2d at 560. In other words, because this Court's decision was based on Plaintiff's failure to timely file her complaint, it is considered a final judgment on the merits. *See Mills*, 872 F.2d at 824; *Nilsen*, 701 F.2d at 560.

### 2. The parties in the present litigation are the same

The next element of *res judicata* is satisfied because the parties in *Blakes I* and *Blakes II* are identical. *See Pension Benefit Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005). Here, Plaintiff in both actions is Gybrilla B. Blakes, and Defendant is Martin J. Gruenberg, in his official capacity as Chairman of the FDIC. (Doc. 1; Doc. 8-1). Both parties appear in the same

capacity in *Blakes I* and *Blakes II* and therefore the parties are identical, satisfying another element of *res judicata* in the present complaint. *See Pension Benefit*, 404 F.3d at 248.

> 3. *The claims in the current action are not identical to the ones is Blakes I because they do not arise out of the same transaction or core of operative facts*

The Court now turns to the remaining element of *res judicata*. Plaintiff's sex discrimination, race discrimination, and retaliation claims in *Blakes II* are not identical to the claims in *Blakes I* because Plaintiff relies on her 2014 PMR, whereas in *Blakes I* Plaintiff relied on her 2013 PMR. (Doc. 1 at 11; Doc. 8-1 at 9). *Res judicata* is not applicable when the identity of the causes of action in the earlier and the later suits are not the same or when the two suits do not arise out of the same transaction or series of transactions or the same core of operative facts. *See Pueschel v. U.S. Dep't of Transp.*, 369 F.3d 345, 355 (4th Cir. 2004) (citing *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996) ("The determination of whether two suits arise out of the same cause of action . . . turns on whether the suits and the claims asserted therein 'arise out of the same transaction or series of transaction or the same core of operative facts'"). Therefore, to determine if a claim is barred by *res judicata*, the issue is whether the plaintiff's suits arise out of the "'same transaction or series of transactions or the same core of operative facts,'" alleging conduct that took place at the same period of time. *Id.* at 355-56.

In *Young-Henderson v. Spartanburg Area Mental Health Ctr.*, the plaintiff filed suit (*"Henderson I"*) on October 28, 1985 alleging race and sex discrimination. 945 F.2d 770, 772 (4th Cir. 1991). The district court dismissed plaintiff's complaint. *Id.* The plaintiff filed another suit (*"Henderson II"*) on January 9, 1989, alleging new Title VII violations that occurred *after* she filed *Henderson I*. *Id.* at 775 (emphasis added). The Fourth Circuit held that because the

claims in *Henderson II* happened after she filed *Henderson I*, "the doctrine of *res judicata* operates to preclude only those claims that were raised in the *Henderson I* complaint." *Id.*

Here, Plaintiff alleges discrimination based on conduct that occurred *following* her filing of *Blakes I*. (Doc. 15-1 at 1). Similar to *Young-Henderson*, Plaintiff's claim regarding her low 2014 PMR occurred after she filed *Blakes I*, meaning that Plaintiff could not have brought her allegations regarding her low 2014 PMR in *Blakes I* because a plaintiff seeking relief from an agency must first exhaust all her administrative remedies. *Id.*; *see* 42 U.S.C. § 2000(e)-16(c). In light of this, Plaintiff did not receive the FDIC's FAD regarding her 2014 PMR until January 5, 2015, more than two weeks *after* this Court issued a decision in *Blakes I*. *Id.* Therefore, Plaintiff's 2014 PMR and her 2013 PMR are two separate transactions and thus Plaintiff's claims cannot be treated as claims arising out of the same core of operative facts. *See Pueschel*, 369 F.3d at 355. Because *res judicata* does not preclude claims that did not exist and could not have been raised in a plaintiff's first Complaint, *res judicata* does not bar Plaintiff's current claim. *See Young-Henderson*, 945 F.2d at 775.

Although Defendant argues that Plaintiff alleges nearly identical supporting facts[4] in *Blakes I* and *Blakes II*, the statute of limitations does not "bar an employee from using the prior acts as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); (Doc. 15-1 at 2). Therefore, the fact that Plaintiff's current Complaint also references the same supporting facts alleging discrimination as *Blakes I*, does not change this Court's analysis. The transactions in the 2014 PMR are not identical to the

---

[4] Defendant alleges that "[u]nder Counts I through III of the Complaint here, with the exception of allegations concerning [Plaintiff's] 2014 PMR, the claims are identical." (Doc. 8 at 13). Defendant further argues that Plaintiff's claims concerning the Letter of Reprimand, the November 14, 2013, proposed seven-day suspension, and the alleged removal from budget meetings are all barred by *res judicata*. *Id.*

transactions in the 2013 PMR discussed in *Blakes I* and thus *res judicata* does not apply to the present Complaint. Plaintiff asserts that Defendant discriminated against her after 2013 using the same methods of exclusion from work and a grossly deflated personnel evaluation in 2014 in retaliation to Plaintiff's protected activity.

**B. Plaintiff Pleads Sufficient Facts to State a Plausible Claim for Relief Under Race Discrimination, Sex Discrimination, and Retaliation**

*1. Race and Sex Discrimination*

The Court **DENIES** Defendant's Motion to Dismiss because Plaintiff pleads sufficient facts to state a plausible claim for relief under race discrimination and sex discrimination.

"A complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination under *McDonnell Douglas*, but must contain only a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief.").

The Supreme Court in *Sorema* stated that the prima facie case should not become a rigid pleading standard for discrimination cases and that it "seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Id.* at 511-12.

In *Sorema*, the district court dismissed petitioner's complaint because it found that he "had not adequately alleged a prima facie case, in that he had not adequately alleged circumstances that support an inference of discrimination," and the Second Circuit affirmed. *Id.* at 509. The Supreme Court reversed, holding that under Federal Rule of Civil Procedure 8(a)(2),

a "complaint must include *only* 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" giving the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The Supreme Court further noted that the petitioner's complaint was sufficient to survive a motion to dismiss because it "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved in the his termination." *Id.*

In the present case, Defendant argues that Plaintiff failed to plead a prima facie case for race discrimination and sex discrimination. (Doc. 8 at 15). However, as the Supreme Court noted in *Sorema*, "[the Supreme Court] *never* indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *See* 534 U.S. at 515 (stating that the question is not "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims'"). Therefore, to survive Defendant's Motion to Dismiss, "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *See id.*

Here, Plaintiff similarly filed her Title VII Complaint in district court. *Id.*; (Doc. 1). Plaintiff alleges that her employer discriminated against her due to her race by removing Plaintiff from a budget meeting on April 9, 2013 and preventing her from attending future budget meetings. (Doc. 15-1 at 17). Plaintiff argues that she was discriminated against when she was prohibited from conducting briefings, tabletop exercises, and overseeing her unit, while two of the other CG-14 employees were able to attend and participate in such work activities. (Doc. 15-1 at 18, 19). Plaintiff also indicates that just before she received an overall performance rating of "III" in her 2014 PMR, Plaintiff was given a "Star Award" in recognition of her successful job

performance, indicating discrimination towards Plaintiff. *Id.* at 12. Plaintiff further alleges that she received an overall performance rating of "III" in her 2014 PMR because she filed a complaint with the EEO and spoke to the FDIC's Ethics Office regarding an inappropriate sexual relationship that transpired in the office. *Id.* All the facts Plaintiff stated in her Complaint show that she has satisfied the Rule 8(a) pleading requirement indicated in *Sorema. Id.*; 534 U.S. at 515.

Plaintiff has plead a short and plain statement of her claims showing that she is entitled to relief. *See Sorema*, 534 U.S. at 515. Plaintiff's discriminatory claims adequately gave Defendant fair notice and outlined the grounds upon which her claims rest. *Id.* Plaintiff's Complaint accordingly states a plausible claim for relief under race discrimination and sex discrimination. *Id.* Defendant's Motion to Dismiss is thus **DENIED.**

> i.   *In the Alternative, Plaintiff Successfully Meets the Four Prima Facie Elements Showing Race and Sex Discrimination*

Although the Supreme Court held in *Sorema* that to survive a Motion to Dismiss a plaintiff does not need to plead a prima facie case of discrimination, here Plaintiff has sufficiently plead her prima facie case for discrimination and satisfied the four elements needed for a Title VII suit. *See Sorema*, 534 U.S. at 515.

The Fourth Circuit has held that absent direct evidence of discrimination, a party seeking relief for discrimination is required to allege in his complaint: (1) membership in a protected class, (2) satisfactory job performance, (3) adverse employment action, and (4) different treatment from similarly situated employees outside the protected class. *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004).

Furthermore, in reviewing a motion to dismiss, the Fourth Circuit in *Coleman v. Maryland Court of Appeals* affirmed the district court's holding that a plaintiff failed to state a

14

Title VII race discrimination claim because the allegations of race discrimination presented in the complaint did not rise above speculation. 626 F.3d 187, 191 (4th Cir. 2010). The court held that plaintiff's complaint failed to establish a plausible basis for believing plaintiff and his supervisor Broccolina were actually similarly situated because Broccolina was plaintiff's supervisor rather than a fellow employee. *Id.* at 189. Plaintiff, an African-American male, also alleged that he was treated differently "as a result of his race than whites," but failed to establish a plausible basis that race was the true cause of his termination. *Id.* at 189. The district court's motion to dismiss was affirmed. *Id.*

In *Lawrence v. Global Linguist Solutions LLC*, this Court dismissed the plaintiff's complaint for failure to adequately plead her prima facie case that "she was performing her job duties satisfactorily" and she failed to "point to any similarly situated male comparators who were treated different than plaintiff." 2013 WL 6729266, at *4 (E.D. Va. Dec. 19, 2013).

The Court found that the plaintiff advanced no factual allegations that would allow the court to draw any kind of inference that the plaintiff's performance was satisfactory. *Id.* at *3. Furthermore, the Court held that plaintiff erroneously pointed to Mr. Lawrence, a manager, to show that he received more favorable treatment than the plaintiff. *Id.* In granting the motion to dismiss, the Court noted that because Mr. Lawrence was a manager and plaintiff was not, Mr. Lawrence was not considered similarly situated to plaintiff. *Id.* (clarifying that "employees are similarly situated where they 'dealt with the same supervisor, were subject to the same standards, and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it'"). The Court thus granted defendant's motion to dismiss. *Id.*

This Court further denies Defendant's Motion to Dismiss in the present suit because although Plaintiff does not need to plead a prima facie case for her race and sex discrimination claims, she has successfully done so. *See* Coleman, 626 F.3d at 191; *White*, 375 F.3d at 295. First, Plaintiff is an African American woman, which qualifies her as a member of a protected class for gender and race. *Id.*; (Doc. 15-1 at 1).

Second, unlike the plaintiff in *Lawrence*, Plaintiff points to a "Star Award" she received on November 14, 2014, to plead her prima facie case of race and sex discrimination, satisfying element two of her prima facie discrimination claim. 2013 WL 6729266, at *4; (Doc. 17-1 at 2). Plaintiff received the award for "successfully managing the digitization, automation, and secured storage of over 1 million pages of personal security files." *Id.* Plaintiff thus alleges that four days after receiving the "Star Award," she received a low 2014 PMR which was discriminatory because she was performing her job in a satisfactory manner as evidenced by the "Star Award." (Doc. 15-1 at 12).

Third, Plaintiff alleges her employer treated her in a disparate manner because she was not allowed to travel to site visits, conduct briefings, participate in tabletop exercises, or oversee her unit. (Doc. 15-1 at 18). Plaintiff further points to the low 2014 PMR evaluation she received following her filings of the EEO complaints which additionally shows that she was treated in a disparate manner. *Id.*; *see Lawrence*, 2013 WL 6729266, at *4.

Fourth, Plaintiff pleads her prima facie case that she was treated differently from similarly situated employees. *See Coleman*, 626 F.3d at 191. Unlike the plaintiff in *Coleman* who argued his supervisor was a similar situated employee, Plaintiff compares herself to fellow employees and not a supervisor. (Doc. 15-1 at 13, 18). Plaintiff argues that Mr. Neale, an Asian man and Ms. Baker-Dubbs, a Caucasian woman, were similarly situated because they were all

16

CG-14 employees and were evaluated by the same supervisor, Mr. Bell, who allowed Mr. Neale and Ms. Baker-Dubbs to continue attending budget and staff meetings, travel to site visits, and oversee their units. (Doc. 15-1 at 13); *see Lawrence*, 2013 WL 6729266, at *3.

This Court therefore **DENIES** Defendant's Motion to Dismiss (Doc. 8) because Plaintiff satisfies the Fed. R. Civ. P. 8(a)(2) pleading requirement. Plaintiff's complaint includes a short and plain statement of the claim showing that Plaintiff is entitled to relief. In the alternative, though Plaintiff is not required to prove a prima facie case for race and sex discrimination, Plaintiff successfully meets the prima facie elements.

### 2. Retaliation

The Court **DENIES** Defendant's Motion to Dismiss because Plaintiff pleads sufficient facts to state a plausible claim for relief under her retaliation claim. "While a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010). The Fourth Circuit in *Coleman* affirmed the district court's holding that the plaintiff "failed to state a Title VII retaliation claim" because "[n]o facts in the complaint identify any protected activity by [the plaintiff] that prompted the retaliation of which he complains." *See Coleman*, 626 F.3d at 191.

Here, Plaintiff argues that the FDIC engaged in retaliatory activity after Plaintiff filed her complaint with the EEO. (Doc. 15-1 at 15). Plaintiff also alleges that she was retaliated against when a Letter of Reprimand was issued against her and Plaintiff's supervisor proposed that she receive a seven-calendar day suspension for alleged improper conduct. *Id.* Plaintiff alleges that due to the FDIC's retaliatory actions, Plaintiff was unable to receive a 2014 PMR rating of "IV"

17

or above. *Id.* at 20. Plaintiff further argues that her low 2014 PMR score prevented Plaintiff from obtaining a promotion, a new position, or increased job performance compensation. *Id.* The Court questions whether Plaintiff has exhausted any claims for failure to hire or failure to promote. Generally failure to hire or grant a promotion are distinct acts of discrimination which may give rise to separate complaints. Plaintiff has plead sufficient factual allegations to raise a right of relief above the speculative level. Unlike the plaintiff in *Coleman*, Plaintiff identifies facts in the complaint that "prompted the retaliation of which [she] complains." *See Coleman*, 626 F.3d at 191.

### i. *In the Alternative, Plaintiff Successfully Meets the Three Prima Facie Elements Showing Retaliation*

Although the Supreme Court held in *Sorema* that to survive a Motion to Dismiss a plaintiff does not need to plead a prima facie case of retaliation, Plaintiff has sufficiently plead her prima facie case for retaliation and satisfied the three elements needed for a Title VII suit. *See Sorema*, 534 U.S. at 515.

"To succeed on a retaliation claim, plaintiff must allege that: (1) she engaged in a protected activity, (2) the employer acted adversely against her, and (3) there was a causal connection between the protected activity and the asserted adverse action." *See Ziskie v. Mineta*, 547 F.3d 220, 226 (4th Cir. 2008); *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994).

Plaintiff engaged in a protected activity when she filed the EEO complaint on October 31, 2012. (Doc. 15-1 at 5). Additionally, as stated above, Plaintiff's employer may have acted adversely toward her by giving her a negative 2014 PMR rating, not allowing her to attend budget and staff meetings, issuing a proposed suspension letter, expressing dislike toward Plaintiff to subordinate employees, and not allowing Plaintiff to travel or attend briefings and table top exercises. (Doc. 1). To the extent Plaintiff can show that Defendant's failure to allow

18

her to carry out these duties may have dissuaded a reasonable worker from making or supporting a discrimination charge. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Plaintiff alleges that there was a causal connection between the EEO protected activity and the asserted adverse action towards her. "Types of indirect proof to be considered in finding a causal nexus may include the temporal proximity of factual hearings regarding discrimination complaints as well as the actual date of filing." *Carter*, 33 F.3d at 460. Although the timeframe between Plaintiff's EEO complaint and the asserted adverse action toward her were not close, courts also look to "evidence of recurring retaliatory animus during the intervening period" to satisfy the element of causation. *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007). Plaintiff has alleged facts to show that there was recurring retaliation going on towards her since her filing of the EEO complaint, which suffices to plead causation for the purposes of a retaliation claim under Title VII.

For these reasons, the Court **DENIES** Defendant's Motion to Dismiss. (Doc. 8).

## IV.   CONCLUSION

The Court **DENIES** Defendant's Motion to Dismiss for two reasons. First, *res judicata* does not apply because the claims presented in Plaintiff's current action are not identical to the claims in the earlier suit.

Second, Plaintiff's Complaint includes a short and plain statement of the claims showing that Plaintiff is entitled to relief, satisfying the pleading requirement. In the alternative, although Plaintiff is not required to prove a prima facie case for race and sex discrimination as well as retaliation, Plaintiff pleads sufficient facts to establish the prima facie elements for each claim.

For the reasons stated above, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Doc. at 8) is **DENIED.**

**IT IS SO ORDERED.**

**ENTERED** this _29th_ day of July, 2016.

Alexandria, Virginia
07 / 29 / 2016

_____ /s/ _____
Gerald Bruce Lee
United States District Judge